IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 07-116 (HHK) |
| : | |
| DOBLADO LUIS RAUDALES : | Next Date:   February 19, 2008 |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced, at the low-point of the applicable Sentencing Guidelines range, to 29 months imprisonment in this case. In support thereof, the United States respectfully states the following:

**Background**

1. The defendant's actions pertaining to this plea agreement are set forth in the proffer of evidence signed and accepted by the defendant on October 22, 2007.[1]

2. In summary, in or about April 2002, defendant was convicted of Conspiracy to Possess With Intent to Distribute in Excess of 1000 Kilograms of Marijuana, Criminal Case No. 2:01-0008-06, in the Middle District of Tennessee. As a result of his conviction, the defendant was arrested by the United States Immigration and Customs Enforcement (ICE), and processed for United States removal proceedings. On October 16, 2002, after a judge issued an order for the defendant to be removed from the United States to Honduras, the defendant received and acknowledged

---

[1] Although the defendant signed the agreement on October 22, 2007, the defendant's plea hearing took place on November 9, 2007.

acceptance of notice that he was prohibited from re-entering the United States without prior approval of the United States Attorney General. On November 14, 2002, pursuant to an order, the defendant was removed from the United States, and returned to Honduras.

On or about March 27, 2007, the defendant was arrested in Washington, D.C..

### Statutory Penalties

3. Pursuant to Title 8, United States Code, §§ 1326 (a) and (b)(2), the defendant faces a maximum sentence of 20 years of imprisonment, a term of supervised release of not more than 3 years, a fine of not more than $250,000, and a special assessment of $100. See PSR ¶ 3.

### Sentencing Guidelines

4. The Federal Sentencing Guidelines calculation embodied in the Presentence Report places the defendant's base offense level at 8. See PSR ¶ 15. The PSR includes a 12-point Specific Offense Characteristic increase because the defendant was previously deported after being convicted for a felony drug trafficking offense for which a sentence of 13 months or less was imposed. See PSR ¶ 16. The PSR also correctly affords the defendant a three-point reduction in his guidelines calculation for acceptance of responsibility, which diminishes his total offense level to 17. See PSR ¶ 22. The PSR calculates the defendant's criminal history score as 3, and the criminal history category as II. See PSR ¶ 28. The total offense level therefore is 17, and the Guidelines range for the defendant is 27 to 33 months of imprisonment. See PSR ¶ 57.

### Sentencing Recommendation

5. The government recommends that the Court sentence defendant at the low-point of the Guidelines range to 29 months of incarceration, in this case.

6. When determining the appropriate sentence, the district court should consider all of

the applicable factors set forth in Title 18 United States Code, Section 3553(a). See United States v. Gall, 446 F.3d 884, 889 (8th Cir. 2006). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

7. This sentence is at the low-point of the Guidelines range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See Gall, at 889 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, ___ U.S. ___, 127 S.Ct. 2456 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . .

prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

8.   The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall. See Gall, at 889.

9.   In this case, the defendant re-entered the United States after having been convicted of a serious drug trafficking offense. It is important that the Court send a message to both the defendant and the community that non-documented persons, who commit crimes in the United States will not be tolerated.

**Conclusion**

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States respectfully recommends a sentence, at the low-point of the Guidelines range, of 29 months of incarceration in this case.

    Respectfully,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY

    By: _____/s/_____
    RHONDA L. CAMPBELL
    ASSISTANT UNITED STATES ATTORNEY
    D.C. Bar Number 462402
    United States Attorney's Office
    555 Fourth Street, N.W., Room 4239
    Washington, D.C. 20530
    Phone: (202) 514-9519
    rhonda.campbell@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, Carlos Vanegas, Esq., Assistant Federal Public Defender, Federal Public Defender for the District of Columbia, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, through the electronic court filing system, this 13th Day of February 2008.

                                                        /s/
                                        RHONDA L. CAMPBELL