UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LUIS RAUDALES-DOBLADO ) | Criminal No.:07-116 (HHK) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Luis Raudales-Doblado, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.

**Procedural History**

Defendant Luis Raudales-Doblado will appear before the Court on Tuesday, February 19, 2008 for his Sentencing Hearing. On November 9, 2007, Mr. Raudales-Doblado entered a guilty plea to the one count indictment charging him with Re-entry of an Alien Deported following a Conviction for an Aggravated Felony in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment charged that Mr. Raudales-Doblado illegally re-entered the United States on March 27, 2007.

Pursuant to the conviction Mr. Raudales-Doblado faces a maximum sentence of twenty years of incarceration, followed by three years of supervised release. He is subject to a maximum fine of two hundred and fifty thousand dollars and a mandatory special assessment of one hundred dollars. Probation Officer Kelli Kraemer-Soares in the Pre-Sentence Investigation Report (the "PSR") calculated a sentencing guideline range of 27 to 33 months pursuant to the advisory United States Sentencing Guidelines. The range is based on a final Base Offense Level 17 and a Criminal History Category II.

**Factual Background**

Mr. Raudales-Doblado is before the Court after entering a guilty plea to illegally entering the United States after a prior deportation that followed a conviction for an aggravated felony. Since our initial meeting Mr. Raudales-Doblado indicated that he wanted to admit his culpability for his illegal conduct. There was never a question of doing otherwise. He knew that he violated the law by returning to the United States without permission.

By all estimations Mr. Raudales-Doblado's presence in the United States has been one extended hardship. The first time he arrived in the United States he struggled with the consequences of entering illegally and of trying to survive as an undocumented person. In response to his dire economic situation Mr. Raudales-Doblado made the terrible decision to conspire with others to distribute marijuana. That resulted in his conviction, incarceration and deportation to Honduras.

Mr. Raudales-Doblado's life has not fare any better after illegally entering the United States a second time. In fact, this incarceration will far exceed his prior incarceration which will be followed by his second deportation. During the instant incarceration Mr. Raudales-Doblado has given serious consideration to his legal predicament. He understands that he should not return to the United States and that to do otherwise will result in a far more severe prison sentence.

After his previous deportation Mr. Raudales-Doblado found himself in Honduras with limited skills and unemployed. Mr. Raudales-Doblado had no intention of returning to the United States and did so because of a personal tragedy. When Mr. Raudales-Doblado lived in Tennessee he was involved in a relationship with Ms. Tia Vinson and together they had a child, Austin Vinson. After he was deported and living in Honduras he learned that Tia Vinson was murdered. Mr. Raudales-Doblado returned to find out what had happened to Ms. Vinson and to see who was caring for their

son. Mr. Raudales-Doblado learned that Austin was being raised by Ms. Vinson's parents and they informed him that they did not need his assistance in caring for him. Feeling the pressure of repaying the loan that he took in order to return to the United States, Mr. Raudales-Doblado moved to Washington, D.C. in search of work.

In light of the circumstances of why he returned to the United States, undersigned counsel is requesting that the Court sentence Mr. Raudales-Doblado to the low end of the applicable sentencing guideline and to depart six months pursuant to <u>United States v. Smith</u> 27 F.3d 649 (D.C. Cir. 1999).

### A. PURSUANT TO 18 U.S.C. § 3553(a), <u>SMITH v. UNITED STATES</u> AND THE ADVISORY SENTENCING GUIDELINES MR. RAUDALES-DOBLADO REQUESTS A SENTENCE OF TWENTY-ONE MONTHS OF INCARCERATION

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Raudales-Doblado' history and nature and circumstance of the offense. The nature of the offense, 8 U.S.C. 1326, Illegal Re-entry of a Deportable Alien, is a unique crime in which there is no immediate tangible harm inflicted on an individual, a community or a private or public entity. The substance of the crime is the presence of the person in the United States. That being said, the crime is very serious since it violates the country's carefully enacted laws regarding admissibility. Mr. Raudales-Doblado's illegal return is a clear violation of the law, and his particular crime is more serious since he was previously deported after having committed a serious felony.

Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Raudales-Doblado' sentence must reflect the seriousness of the offense. As it stands now Mr. Raudales-Doblado is facing a maximum term of twenty years of incarceration and an advisory guideline sentence of twenty-seven to thirty-three months of incarceration. However, the seriousness of the offense has to take into account and result

in a sentence that "promote[s] respect for the Law and provide[s] just punishment."

Mr. Raudales-Doblado knows that he will be deported from the United States after completing his term of incarceration. Upon completing his sentence, Mr. Raudales-Doblado's custody will be transferred to the Customs and Immigration Enforcement ("ICE") division of the Department of Homeland Security. ICE will likely transfer Mr. Raudales-Doblado to a state facility in Virginia where he will wait for his final deportation hearing and removal. That process can take anywhere between two weeks up to three months. The net result of the federal prison sentence coupled with his eventual deportation should deter Mr. Raudales-Doblado from returning to the United States. That deterrence translates into protection for the community from any future criminal activity by Mr. Raudales-Doblado. Seen in that light a sentence of 21 months addresses and satisfies the sentencing goals of 18 U.S.C. § 3553(a).

Mr. Raudales-Doblado illegally entered the United States with the same dreams and aspirations that have historically motivated immigrants to journey to this country. Regrettably, Mr. Raudales-Doblado undermined the opportunity of turning his dream into a reality through his bad judgement and contacts with the criminal justice system. Mr. Raudales-Doblado will return to Honduras while many of his countrymen will be leaving for the United States in search of work and a better future. He bitterly acknowledges that there is practically nothing that he can show for having returned to the United States. Having ruminated over his legal predicament for nearly a year Mr. Raudales-Doblado wants to return to Honduras to try and salvage the rest of his life.

A sentence of twenty-one months, to be followed by mandatory deportation, can be "just punishment" when the Court considers and takes into account 18 U.S.C.§3582. In pertinent part 18 U.S.C. § 3582 (a) states:

"The Court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation"

**CONCLUSION**

Mr. Raudales-Doblado is a well meaning man who has made a series of terrible decisions. Those decisions have cost him dearly. By all indications Mr. Raudales-Doblado has learned a bitter lesson that will stay with him for the rest of his life. He has promised himself not to return to the United States, if for the single fact of avoiding spending more time in an American prison. For the foregoing reasons undersigned counsel respectfully requests that the Court impose a sentence of 21 months of incarceration.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500